1  Stephanie M. Cerasano (State Bar No. 017171)
   **JACKSON LEWIS P.C.**
2  2111 East Highland Avenue, Suite B-250
3  Phoenix, AZ 85016
   Telephone: (602) 714-7044
4  Facsimile: (602) 714-7045
5  Stephanie.Cerasano@jacksonlewis.com

6  Attorneys for Defendant

7

8              UNITED STATES DISTRICT COURT

9                  DISTRICT OF ARIZONA

| | |
|---|---|
| 10  Ian Schaefer, | Case No:  2:14-CV-00185 SMM |
| 11            Plaintiff, | **JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT** |
| 12       v. | **AND** |
| 13  P.F. Chang's China Bistro, Inc., | **TO DISMISS ALL CLAIMS WITH PREJUDICE** |
| 14            Defendant. | |
| 15  Ariel Taylor, | Case No:  2:14-CV-00259 SMM |
| 16            Plaintiff, | |
| 17       v. | |
| 18  P.F. Chang's China Bistro, Inc., | |
| 19            Defendant. | |
| 20 | |
| 21  Guillermo Flores, | Case No:  2:14-CV-00260 SMM |
| 22            Plaintiff, | |
| 23       v. | |
| 24  P.F. Chang's China Bistro, Inc., | |
| 25            Defendant. | |

26

27

28

| | |
|---|---|
| Nathan Llanos, | Case No:  2:14-CV-00261 SMM |
| Plaintiff, | |
| v. | |
| P.F. Chang's China Bistro, Inc., | |
| Defendant. | |
| Kristen Romero, | Case No:  2:14-CV-00262 SMM |
| Plaintiff, | |
| v. | |
| P.F. Chang's China Bistro, Inc., | |
| Defendant. | |
| Andrew Fields, | Case No:  2:14-CV-00263 SMM |
| Plaintiff, | |
| v. | |
| P.F. Chang's China Bistro, Inc., | |
| Defendant. | |

Plaintiffs and Defendant P.F. Chang's China Bistro, Inc. jointly ask this Court to approve the parties' settlement and dismiss all claims in all of these actions with prejudice.

Plaintiffs filed these individual actions in 2014, alleging claims for unpaid wages under the Fair Labor Standards Act ("FLSA").  *See* Complaints.  Specifically, each Plaintiff's core claim is that Plaintiff was improperly paid a tip credit wage for time spent performing non-tip-related tasks that exceeded 20% of Plaintiff's workweek.  The genesis for each Plaintiff's claim is language in the Department of Labor's Field Operations Handbook.

Defendant denies any wrongdoing and disputes that it owes any Plaintiff any unpaid wages under any theory.  The parties also dispute the viability of Plaintiffs' "80/20" legal theory.  Indeed, the parties have litigated this issue through numerous

1    dispositive motions and appeal.  Most recently, the Department of Labor revised its

2    position on this issue, itself rejecting the 80/20 legal theory.  As such, Defendant would

3    again ask this Court to dismiss Plaintiffs' claims in each of these actions if the cases

4    were to proceed.

5          In an effort to avoid the costs and uncertainty of further litigation, the parties have

6    carefully negotiated a settlement.  They have agreed to resolve the disputed factual and

7    legal issues on the terms set forth in their proposed Settlement Agreement, which is

8    submitted to this Court with this Motion.  *See* Exhibit A.

9          As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v.*

10   *United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), in the "context of suits brought

11   directly against their employer under Section 21 6(b) to recover back wages for FLSA

12   violations," the parties must present any proposed settlement to the district court, which

13   "may enter a stipulated judgment after scrutinizing the settlement for fairness."

14         This Court will find that the settlement in these cases is fair and should be

15   approved.  The settlement resolves a "bona fide dispute between the parties" with

16   respect to whether Plaintiffs' legal theory is viable, particularly in light of the

17   Department of Labor's current position on this issue.  Even putting aside the underlying

18   legal issue, the parties also dispute the facts.  *See id.* at 1353 n.8.  Among other defenses,

19   Defendant contends that each Plaintiff was properly treated as a tipped employee for all

20   time worked and Plaintiff did not work as a non-tipped employee entitling Plaintiff to

21   any additional pay.  Conversely, Plaintiffs contend that their claims are legally viable.

22   Thus, even if liability were established, the parties anticipate significant disputes as to

23   the amount of alleged damages.  Moreover, the parties disagree as to whether Defendant

24   can establish an affirmative defense to an award of liquidated damages.

25         As a further indication of the fairness of the settlement, each Plaintiff is

26   represented by counsel who, in the "adversarial context of a lawsuit," negotiated for "a

27   reasonable compromise of disputed issues."  *Id.* at 1354.  Other indicia of fairness are

28

1   also present, including the facts that the parties investigated the issues; that the

2   settlement will conserve substantial time and expense by eliminating the need for further

3   dispositive motions, costly discovery, and a trial on the merits; and that, by settling, each

4   Plaintiff has avoided further delay in receiving any possible recovery.

5         As the court recognized in *Lynn's Foods*, settlements in the context of litigation

6   where there are bona fide issues in dispute, and where employees are represented by "an

7   attorney who can protect their rights under the statute," are to be approved by district

8   courts "in order to promote the policy of encouraging settlement of litigation."  679 F.2d

9   27 at 1354.  These precise circumstances exist here.  Accordingly, the parties

10  respectfully ask the Court to approve the terms set forth in the Settlement Agreement

11  and enter the parties' proposed order in each of these cases, thereby dismissing

12  Plaintiffs' claims with prejudice.

13        RESPECTFULLY SUBMITTED this 6th day of September 2019.

14

15                          **JACKSON LEWIS P.C.**

16

17                      By: */s/ Stephanie M. Cerasano*
                        Stephanie M. Cerasano

18                          Attorneys for Defendant

19

20                      **THE BENDAU LAW FIRM, PLLC**

21

22                      By: */s/Clifford P. Bendau, II (with permission)*
                        Clifford P. Bendau, II

23                          Attorneys for Plaintiff

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on September 6, 2019, I electronically transmitted the

3    attached document to the Clerk's Office using the CM/ECF System for filing and

4    transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5    Clifford P. Bendau, II
     THE BENDAU LAW FIRM, PLLC
6    6350 E. Thomas Road, Suite 330
7    Scottsdale, AZ 85251
     Attorneys for Plaintiff
8
     By: */s/ Amalia Tafoya*
9

10   4820-3242-8964, v. 1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28