# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (hereinafter this "Agreement") is entered into by and between Ian Schaefer, Ariel Taylor, Guillermo Flores, Kristen Romero, Andrew Fields, and Nathan Llanos (hereinafter collectively "CLAIMANTS") and P.F. Chang's China Bistro, Inc. (hereinafter the "COMPANY").

**WHEREAS**, CLAIMANTS were previously employed by the COMPANY (their "Employment");

**WHEREAS**, in 2014 CLAIMANTS filed individual cases against the COMPANY in the United States District Court for the District of Arizona, Case Nos. 2:14-CV-00185, 2:14-CV-00259, 2:14-CV-00260, 2:14-CV-00261, 2:14-CV-00262, and 2:14-CV-00263 (the "Lawsuits"); and

**WHEREAS**, the COMPANY and each CLAIMANT desire to settle, compromise, and resolve the Lawsuits and any and all potential differences and disputes between them without the burden, expense and delay of further litigation, and without admission of any fault or liability by the COMPANY.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises herein contained, and for other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, the COMPANY and CLAIMANTS voluntarily and knowingly agree as follows:

1. **Definitions.** For the purposes of this entire Agreement, the term "the COMPANY" includes P.F. Chang's China Bistro, Inc. and, as direct, intended and third party beneficiaries hereof, its past, present, and future officers, employees, directors, representatives, trustees, administrators, fiduciaries, attorneys, insurers, owners, agents, parent companies, corporate affiliates, sister corporations, subsidiaries, affiliated entities, predecessors, successors, heirs, and assigns, jointly and severally (collectively, the "Released Parties"). For the purposes of this entire Agreement, the term "CLAIMANTS" shall refer to Ian Schaefer, Ariel Taylor, Guillermo Flores, Kristen Romero, Andrew Fields, and Nathan Llanos (including his estate) and each of their heirs, successors, and assigns. The term "CLAIMANT" shall refer to each of the CLAIMANTS individually and each of their heirs, successors, and assigns.

2. **Consideration.** The COMPANY shall pay CLAIMANTS the total sum of $29,050 (twenty-nine thousand and fifty dollars). The form of payment shall be made in thirteen checks, payable as follows:

   a. The first check shall be made payable to "Ian Schaefer" for the sum of $750, less applicable state and federal withholding taxes. The COMPANY shall issue an IRS form W-2 for this amount.

   b. The second check shall be made payable to "Ian Schaefer" for the sum of $750. The COMPANY will not withhold monies from this payment for

federal or state income or withholding taxes, because this payment is for liquidated and/or compensatory damages, and therefore is not in the nature of wages.  The COMPANY or its representative will issue a 1099 Form to the applicable taxing authority or authorities as to this payment.

c. The third check shall be made payable to "Ariel Taylor" for the sum of $750, less applicable state and federal withholding taxes.  The COMPANY shall issue an IRS form W-2 for this amount.

d. The fourth check shall be made payable to "Ariel Taylor" for the sum of $750.  The COMPANY will not withhold monies from this payment for federal or state income or withholding taxes, because this payment is for liquidated and/or compensatory damages, and therefore is not in the nature of wages.  The COMPANY or its representative will issue a 1099 Form to the applicable taxing authority or authorities as to this payment.

e. The fifth check shall be made payable to "Guillermo Flores" for the sum of $750, less applicable state and federal withholding taxes.  The COMPANY shall issue an IRS form W-2 for this amount.

f. The sixth check shall be made payable to "Guillermo Flores" for the sum of $750.  The COMPANY will not withhold monies from this payment for federal or state income or withholding taxes, because this payment is for liquidated and/or compensatory damages, and therefore is not in the nature of wages.  The COMPANY or its representative will issue a 1099 Form to the applicable taxing authority or authorities as to this payment.

g. The seventh check shall be made payable to "Kristen Romero" for the sum of $750, less applicable state and federal withholding taxes.  The COMPANY shall issue an IRS form W-2 for this amount.

h. The eighth check shall be made payable to "Kristen Romero" for the sum of $750.  The COMPANY will not withhold monies from this payment for federal or state income or withholding taxes, because this payment is for liquidated and/or compensatory damages, and therefore is not in the nature of wages.  The COMPANY or its representative will issue a 1099 Form to the applicable taxing authority or authorities as to this payment.

i. The ninth check shall be made payable to "Andrew Fields" for the sum of $750, less applicable state and federal withholding taxes.  The COMPANY shall issue an IRS form W-2 for this amount.

j. The tenth check shall be made payable to "Andrew Fields" for the sum of $750.  The COMPANY will not withhold monies from this payment for federal or state income or withholding taxes, because this payment is for liquidated and/or compensatory damages, and therefore is not in the nature

     of wages.  The COMPANY or its representative will issue a 1099 Form to the applicable taxing authority or authorities as to this payment.

   k. The eleventh check shall be made payable to "Nathan Llanos" for the sum of $750, less applicable state and federal withholding taxes.  The COMPANY shall issue an IRS form W-2 for this amount.

   l. The twelfth check shall be made payable to "Nathan Llanos" for the sum of $750.  The COMPANY will not withhold monies from this payment for federal or state income or withholding taxes, because this payment is for liquidated and/or compensatory damages, and therefore is not in the nature of wages.  The COMPANY or its representative will issue a 1099 Form to the applicable taxing authority or authorities as to this payment.

   m. The thirteenth check shall be made payable to "Bendau & Bendau PLLC" for the sum of $20,050.  The COMPANY will not withhold monies from this payment for federal or state income or withholding taxes, because this payment is for attorneys' fees and costs, and therefore is not in the nature of wages.  The COMPANY or its representative will issue 1099 Form(s) to the applicable taxing authority or authorities as to this payment.

 The checks shall be delivered to CLAIMANTs' counsel, Bendau & Bendau PLLC, not more than ten (10) business days after the effective date of this Agreement as outlined in Section 8 below.

 CLAIMANTS acknowledge that they will be exclusively liable for the payment of all federal, state, and local taxes, if any, which may be due as a result of the monetary consideration each of them receives pursuant to this Agreement.  In addition, if the COMPANY or any other Released Party is required at any time to pay any taxes or other amounts, including without limitation penalties or interest or reasonable attorneys' fees, for failing to withhold federal or state income or withholding taxes on the payments made pursuant to this Agreement, or on account of a CLAIMANT failing to pay taxes on such payments, such CLAIMANT agrees to indemnify the COMPANY or other Released Party and hold it harmless from any penalties, claims, lawsuits, attorneys' fees, and expenses.

 3. **Release.**  Each CLAIMANT hereby irrevocably and unconditionally releases and discharges the COMPANY and the other Released Parties from, and hereby waives, any and all claims, demands, liens, agreements, covenants, actions, suits at law or equity, obligations, debts, damages, judgments, liabilities, attorneys' fees (except as provided in Section 2(g) above), costs, and expenses of whatever kind, known or unknown, suspected or unsuspected, which CLAIMANT had or has based on any matter or thing occurring prior to her endorsement of this Agreement, including but not limited to claims that arise from or relate to CLAIMANT's Employment with the COMPANY.  The released claims include, but are not limited to, any claims arising under the Fair Labor Standards Act, the Arizona Civil Rights Act, the Arizona Wage Payment Act, the Arizona Employment Protection Act, the Arizona Fair Wages and Healthy Families Act, or Title VII of the Civil Rights Act of 1964.  The released claims further

include, but are not limited to, all claims for breach of contract, wrongful discharge or layoff, constructive discharge, retaliatory discharge, impairment of economic opportunity, unpaid wages, intentional or negligent infliction of emotional harm, distress, or any other tort, including but not limited to defamation, invasion of privacy, intentional interference with contract or prospective advantage, violation of any constitutional right, sex discrimination, race discrimination, disability discrimination, age discrimination or any other form of employment discrimination or retaliation, and any and all claims arising from any alleged violations by or on behalf of the COMPANY under every applicable federal, state or local law, rule, regulation, ordinance, public policy or common law, including under the Arizona Employment Protection Act, the Civil Rights Act of 1991, the Equal Pay Act, the Americans with Disabilities Act, or the Family and Medical Leave Act.

**Each CLAIMANT understands and acknowledges that this release forever bars CLAIMANT from suing or otherwise asserting a claim against the COMPANY or the other Released Parties on the basis of any event occurring through the date CLAIMANT signs this Agreement, whether the facts are now known or unknown, and whether the legal theory upon which such claim might be based is now known or unknown.**

4.   **Acknowledgement of Full Payment.**  Each CLAIMANT acknowledges and agrees that upon the COMPANY's delivery of the payments set forth in Section 2, CLAIMANT will have received payment in full by the COMPANY for all wages, overtime, bonuses, commissions, or other forms of compensation to which CLAIMANT was entitled as a result of CLAIMANT's Employment with the COMPANY.

5.   **Provision for Unknown Claims & Waiver.**  Each CLAIMANT warrants that CLAIMANT does not have any claim or charge pending against the COMPANY or any of the other Released Parties with any court, tribunal, administrative agency, governmental agency, or other such body other than the Lawsuits.  Nothing in this Agreement prohibits or prevents CLAIMANTS from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board or a similar agency enforcing federal, state or local anti-discrimination laws.  However, to the maximum extent permitted by law, each CLAIMANT agrees that if such an administrative claim is made or pursued on CLAIMANT's behalf, CLAIMANT shall not be entitled to recover any individual monetary relief or other individual remedies.

6.   **Consultation with Legal Counsel.**  Each CLAIMANT acknowledges that this Agreement constitutes written notice from the COMPANY that it advises CLAIMANT to seek legal counsel before signing this Agreement.

7.   **Notice of Time for Reflection & Waiver.**  Each CLAIMANT acknowledges that CLAIMANT has fully discussed all aspects of this Agreement with CLAIMANT's attorney to the extent CLAIMANT wishes to do so.  Each CLAIMANT agrees that CLAIMANT has carefully read and fully understands all of the provisions of this Agreement and that CLAIMANT is voluntarily entering into this Agreement.  Each CLAIMANT agrees that, as part of this Agreement, CLAIMANT has been provided with consideration in addition to anything of

value to which CLAIMANT is already entitled.  Each CLAIMANT understands that the release of claims in this Agreement does not apply to any claim that may arise after CLAIMANT endorses this Agreement.

8. **Effective Date of Agreement.**  This Agreement will be effective upon endorsement by all CLAIMANTS and the COMPANY, and entry of an order by the Court in all of the Lawsuits approving the parties' settlement and dismissing all claims in all of the Lawsuits with prejudice.

9. **Stipulation for Court Approval of Settlement and Dismissal.**  Each CLAIMANT agrees that, as a condition for receipt of the consideration outlined in Section 2, CLAIMANT authorizes CLAIMANT's attorney to execute and file a Joint Motion to Approve Settlement and Dismiss All Claims with Prejudice, and Stipulation to Dismiss all claims in the Lawsuit with prejudice, with the parties to bear their or its own attorneys' fees and costs, except as expressly provided herein.  The COMPANY's performance of any obligation under this Agreement, including payment of the monies outlined in Section 2, is contingent upon the Court approving the settlement as to all claims under the Fair Labor Standards Act, and the Court granting dismissal of all claims with prejudice in all of the Lawsuits, with each party to bear their or its own attorneys' fees and costs (except as otherwise outlined in Section 2).

10. **Confidentiality.**  Each CLAIMANT agrees that CLAIMANT will not, except as required by law, disclose the terms of this Agreement, or the negotiations leading up to this Agreement, except that each CLAIMANT may disclose the terms of this Agreement to CLAIMANT's spouse, attorney, or tax or financial advisor, or a federal or state agency as discussed in Section 5.  Each CLAIMANT acknowledges that a knowing breach of this confidentiality provision will constitute a material breach of this Agreement.  Nothing in this Agreement prohibits or prevents any CLAIMANT from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board or a similar agency enforcing federal, state or local anti-discrimination laws.

11. **No Rehire.**  Each CLAIMANT affirms that CLAIMANT's employment relationship with the COMPANY has been permanently and irrevocably terminated and agrees that CLAIMANT will not in the future seek re-employment with or by the COMPANY or any of the other Released Parties because of, among other things, irreconcilable differences.  In the event any CLAIMANT does apply for employment with a party released under this Agreement, CLAIMANT agrees that this paragraph is sufficient grounds for denying employment and/or termination of employment if hired.  The parties agree that this is a negotiated, non-retaliatory term of this Agreement.

12. **Full Consideration.**  Each CLAIMANT agrees that payment by the COMPANY of the sum stated in Section 2 as well as compliance with the above described terms constitutes full and sufficient legal consideration for the promises and covenants set forth in this Agreement.

13. **Neutral Reference.** Each CLAIMANT will direct prospective employers to verify employment through the COMPANY's standard process, which is available through its third party provider, The Work Number, and provides neutral employment verification.

14. **No Admission of Wrongdoing.** The parties each agree that nothing in this Agreement shall be construed as an admission by any of them of any wrongdoing or violation of any applicable law, and that nothing in this Agreement shall be so construed by any other person.

15. **Bar.** Each CLAIMANT specifically agrees that this Agreement may be pled by the COMPANY or any of the other Released Parties as an absolute bar to any released claim.

16. **Complete Agreement**. This Agreement sets forth all of the terms and conditions of the agreement between the parties and shall be considered and understood to be a contractual commitment and not a mere recital. This Agreement shall be binding upon the COMPANY and its successors and assigns and upon each CLAIMANT and CLAIMANT's agents, heirs, executors, representatives, and assigns.

17. **Fees and Costs.** Each party shall bear and pay their or its own costs and attorneys' fees with regard to this Agreement and any matters covered herein, except as provided in Section 2(g) above.

18. **Waiver and Amendment.** A waiver of any right under this Agreement must be in writing to be effective. This Agreement may be amended only by a writing signed by the parties. Any oral representation or modification concerning this Agreement shall be of no force or effect.

19. **Severability.** If any portion of this Agreement is held invalid by operation of law, the remaining terms of this Agreement shall not be affected, provided, however, that if the release in Section 3 of this Agreement is held invalid, the COMPANY shall have the right to seek rescission of this Agreement.

20. **Choice of Law.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the parties. This Agreement shall be governed by and construed in accordance with the laws of the State of Arizona, except to the extent that federal laws apply.

21. **Acknowledgement.** Each CLAIMANT acknowledges that in executing this Agreement, CLAIMANT does not rely on any inducements, promises or representations made by the COMPANY other than those expressly stated herein. Further, each CLAIMANT declares that CLAIMANT has read this Agreement and fully understands its terms and contents, including all rights and obligations hereunder, and freely, voluntarily and without coercion enters into this Agreement. Each CLAIMANT agrees and acknowledges that the waiver and release of certain rights or claims CLAIMANT may have under any local, state, or federal law is knowing and voluntary.

22. **Medicare Lien Avowal.** Each CLAIMANT warrants that CLAIMANT is not a Medicare beneficiary as of the effective date of this Agreement. Because CLAIMANT is not a Medicare recipient as of the date of this release, no conditional payments have been made by Medicare. Each CLAIMANT will indemnify, defend and hold the COMPANY and the other Released Parties harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages including multiple damages from the COMPANY or the other Released Parties relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to any CLAIMANT's alleged injuries, claims or lawsuit, such CLAIMANT will defend and indemnify the COMPANY or other Released Parties, and hold them harmless from any and all such damages, claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities.

23. **Counterparts.** This Agreement may be executed in counterparts, which, taken together, shall represent a fully executed original. A facsimile or digitally reproduced signature may be deemed an original.

24. **Nathan Llanos Personal Representative.** The signatory for CLAIMANT Nathan Llanos avows that he has the full authority to enter into this Agreement and to release claims on behalf of the estate of Nathan Llanos, per Court order in Maricopa County Superior Court Case Number PB 2019-051783.

**P.F. CHANG's CHINA BISTRO, INC.**

By _[signature]_
Its _AGC_
Dated: _9-4-19_


**IAN SCHAEFER**

Dated: _____


**ARIEL TAYLOR**

Dated: _____

22. **Medicare Lien Avowal.** Each CLAIMANT warrants that CLAIMANT is not a Medicare beneficiary as of the effective date of this Agreement. Because CLAIMANT is not a Medicare recipient as of the date of this release, no conditional payments have been made by Medicare. Each CLAIMANT will indemnify, defend and hold the COMPANY and the other Released Parties harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages including multiple damages from the COMPANY or the other Released Parties relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to any CLAIMANT's alleged injuries, claims or lawsuit, such CLAIMANT will defend and indemnify the COMPANY or other Released Parties, and hold them harmless from any and all such damages, claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities.

23. **Counterparts.** This Agreement may be executed in counterparts, which, taken together, shall represent a fully executed original. A facsimile or digitally reproduced signature may be deemed an original.

24. **Nathan Llanos Personal Representative.** The signatory for CLAIMANT Nathan Llanos avows that he has the full authority to enter into this Agreement and to release claims on behalf of the estate of Nathan Llanos, per Court order in Maricopa County Superior Court Case Number PB 2019-051783.

**P.F. CHANG's CHINA BISTRO, INC.**

By _____
Its _____
Dated: _____


**IAN SCHAEFER**

DocuSigned by: [signature]
CC3DC9885104401
Dated: 9/5/2019


**ARIEL TAYLOR**

_____
Dated: _____

7

22. **Medicare Lien Avowal.** Each CLAIMANT warrants that CLAIMANT is not a Medicare beneficiary as of the effective date of this Agreement. Because CLAIMANT is not a Medicare recipient as of the date of this release, no conditional payments have been made by Medicare. Each CLAIMANT will indemnify, defend and hold the COMPANY and the other Released Parties harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages including multiple damages from the COMPANY or the other Released Parties relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to any CLAIMANT's alleged injuries, claims or lawsuit, such CLAIMANT will defend and indemnify the COMPANY or other Released Parties, and hold them harmless from any and all such damages, claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities.

23. **Counterparts.** This Agreement may be executed in counterparts, which, taken together, shall represent a fully executed original. A facsimile or digitally reproduced signature may be deemed an original.

24. **Nathan Llanos Personal Representative.** The signatory for CLAIMANT Nathan Llanos avows that he has the full authority to enter into this Agreement and to release claims on behalf of the estate of Nathan Llanos, per Court order in Maricopa County Superior Court Case Number PB 2019-051783.

**P.F. CHANG's CHINA BISTRO, INC.**

By _____
Its _____
Dated: _____

**IAN SCHAEFER**

_____
Dated: _____

**ARIEL TAYLOR**

*DocuSigned by:* [signature]
4A9F8E05F4A420...
Dated: 9/4/2019

**GUILLERMO FLORES**

*[DocuSigned signature: Guillermo Flores]*
A7C177E0094647...

Dated: 9/4/2019

**KRISTEN ROMERO**

Dated: _____

**ANDREW FIELDS**

Dated: _____

**NATHAN LLANOS**
**By Carlos R. Llanos, Jr.**
**Personal Representative of Estate per Court Order in PB 2019-051783**

Dated: _____

8

**GUILLERMO FLORES**

Dated: _____

**KRISTEN ROMERO**

*/s/ Kristen Romero*

Dated: 9/4/2019

**ANDREW FIELDS**

Dated: _____

**NATHAN LLANOS**
**By Carlos R. Llanos, Jr.**
**Personal Representative of Estate per Court Order in PB 2019-051783**

Dated: _____

**GUILLERMO FLORES**

Dated: _____

**KRISTEN ROMERO**

Dated: _____

**ANDREW FIELDS**

DocuSigned by: [signature]
F60D4F0C901442D...

Dated: 9/4/2019

**NATHAN LLANOS**
**By Carlos R. Llanos, Jr.**
**Personal Representative of Estate per Court Order in PB 2019-051783**

Dated: _____

**GUILLERMO FLORES**

Dated: _____

**KRISTEN ROMERO**

Dated: _____

**ANDREW FIELDS**

Dated: _____

**NATHAN LLANOS**
**By Carlos R. Llanos, Jr.**
**Personal Representative of Estate per Court Order in PB 2019-051783**

*Carlos R. Llanos Jr.* (DocuSigned)

Dated: 9/4/2019